Ronnie Gene **DECKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 58587.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Joseph V. Gibson, III, Odessa, for appellant.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an appeal from a conviction for burglary of a habitation. V.T.C.A. Penal Code, Sec. 30.02. Punishment was assessed by the court at ten years.

Initially there is a question as to whether this Court has jurisdiction of the appeal.

On September 12, 1977, appellant waived his right to trial by jury and entered a plea of guilty before the court. The court admonished appellant of his rights under Art. 26.13, V.A.C.C.P. Appellant's written judicial confession was admitted into evidence. The trial court found the appellant guilty as charged. The following then occurred:

"[THE PROSECUTOR]: For the purposes of the record, the District Attorney's office in this case would recommend ten years in the Texas Department of Correction and would further recommend that, if approved, it run concurrent with his parole violation.

"[DEFENSE COUNSEL]: Yes, sir, Your Honor, we would request that long with the jail time, but, of course, I think we can determine that satisfactorily at the time of sentencing later on.

"THE COURT: Do you want to retain custody of this? I will set sentencing then for Wednesday, September 22nd.

"[THE PROSECUTOR]: Thank you, Judge.

"THE COURT: If you all will, get together on the time and come on up.

"[DEFENSE COUNSEL]: All right, sir.

"THE COURT: Have you joined with the District Attorney's office in the recommendation that the sentence be ten years in the Department of Correction to run concurrent with the probation revocation?

"[DEFENSE COUNSEL]: Yes, Your Honor, with the parole revocation."

The transcription of the court reporter's notes before us does not reflect what, if any, punishment was assessed on September 12, 1977. The judgment of conviction, however, which bears the date of September 12, 1977, shows that punishment was assessed at imprisonment for ten years.

The sentence was formally pronounced on October 3, 1977. The next day, appellant filed a pro se notice of appeal. This was done in the form of a letter to the judge, which clearly indicates the appellant's desire to appeal. See Art. 44.08(a), V.A.C.C.P. It should be noted that in appellant's letter to the judge he states: "When I was sentenced, you told me that I had a right to appeal the sentence and could appeal at any time for a period of ten days after you sentenced me." On January 12, 1978, appellant through counsel filed an "application for permission to appeal." On January 18, 1978, the trial court entered an order, which reads in pertinent part:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Defendant Ronnie Gene Decker, be, and he is hereby denied permission of the Court to appeal his conviction in the above captioned cause, to which order of the Court the Defendant then and there excepted."

Although the trial court's order did not so expressly state, it appears that the

court denied appellant permission to appeal pursuant to Art. 44.02, V.A.C.C.P.,[1] as amended effective August 29, 1977. See Acts 1977, 65th Leg., p. 490, ch. 351, Sec. 1. This statute now provides in pertinent part:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.* . . ." [Emphasis added.]

Despite the trial court's attempted denial of appeal, a full record of the trial was prepared and is before us. In determining whether we have jurisdiction of the appeal under Art. 44.02, supra, we note the following:

1. The appellant pled guilty to the court.
2. The court assessed punishment.
3. The punishment assessed did not exceed the punishment recommended by the prosecutor.

It appears from the colloquy quoted above between the court, counsel for the appellant, and counsel for the State, that the prosecutor had agreed to recommend as punishment in the instant case that appellant be confined in the Department of Corrections for ten years and that such punishment would run concurrently with the appellant's "parole violation." Although it appears that appellant's counsel agreed to this recommendation and also requested that the appellant be given his back "jail time," there is no showing in the record before us that the appellant personally agreed to the recommendation.

Article 44.02, supra, expressly states that it is applicable where the punishment recommended by the prosecutor is "agreed to *by the defendant and his attorney . . .*" [Emphasis supplied.] The question is thus presented whether it is necessary for a defendant to personally agree to the recommended punishment where his counsel has acquiesced in same. In *Rhynes v. State,* Tex.Cr.App., 479 S.W.2d 70, and *Goodall v. State,* Tex.Cr.App., 501 S.W.2d 342, this Court has held that the record must reflect the personal consent of the defendant where the jury in a felony case is allowed to separate after the charge has been read to the jury under the terms of Art. 35.23, V.A.C.C.P., which requires "the consent of each party" for the jury to separate at such stage of the trial.[2]

Clearly, Art. 44.02, supra, is more explicit in requiring the defendant's personal consent than is Art. 35.23, supra, since Art. 44.02, supra, requires agreement "by the defendant and his attorney." We construe Art. 44.02, supra, to require the defendant to personally agree to the recommended punishment. In the instant case, the record fails to reflect appellant's personal consent to the recommended punishment. It follows that the trial court cannot deny appellant his right to appeal under Art. 44.02, supra. The record being before us, we will consider the appeal on its merits.[3]

Appellant contends that the trial court failed to admonish him in accordance

---

1. In *Ex parte Abahosh*, 561 S.W.2d 202, this Court held that this amendment to Art. 44.02, V.A.C.C.P., could not be applied retroactively since the trial court accepted the guilty plea and entered judgment prior to the effective date of the amendment to Art. 44.02, supra. Abahosh brought a habeas corpus proceeding urging that he should be released on bail pending appeal. The trial court was directed to take steps to accord the petitioner an out-of-time appeal in accordance with Art. 40.09, V.A.C.C.P.

2. Absent a showing that the defendant personally agreed to the separation of the jury after the charge is read, the burden is on the State to rebut the presumption of harm.

3. We find it unnecessary to reach appellant's contention that he was deprived of his constitutional rights by the court's action in ordering that he be denied an appeal in light of our holding that appellant is entitled to his appeal.

with Art. 26.13, V.A.C.C.P. Specifically, appellant complains that the trial court failed to advise him "that he would be waiving his right to confront witnesses against him, or that the State of Texas would be required to prove appellant's guilt beyond a reasonable doubt or that he would not be required to give testimony which would incriminate him." Appellant concedes in his brief that "the judgment and written record of the court reflects a waiver of these rights. . . ." The stipulation of evidence, sworn to by appellant and approved by his counsel and the court, contains an express waiver of appellant's rights to a jury, confrontation and cross-examination of witnesses, and right against self-incrimination. See Arts. 1.13 and 1.15, V.A.C.C.P. He argues, however, that the record must affirmatively reflect that the judge advised him of these rights in open court. We disagree. Article 26.13, V.A.C.C.P., does not require that the judge make the specific inquiries in open court suggested by the appellant. See and compare *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Appellant does not suggest that he was in any way misled or that he was not fully aware of his rights and the consequences of his plea. Neither does he allege that he was in any way harmed or misled in any manner by the admonishments given by the court. No objection was voiced to the admonishments in the trial court. We find that the trial court was in compliance with Art. 26.13, V.A.C.C.P., and conclude that no error is shown.

The judgment is affirmed.