Ernest BROGGI, Jr., Petitioner,

v.

Peter Michael CURRY, District
Judge, Respondent.

No. 59289.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 18, 1978.

Charles D. Butts, San Antonio, for peti-
tioner.

## OPINION

ODOM, Judge.

Petitioner brought these proceedings to invoke our original jurisdiction to grant writs of habeas corpus regarding criminal law matters. Article V, Sec. 5, Texas Constitution, as amended, 1977. He contends that respondent has denied him the right to appeal from four felony convictions in an improper application of Article 44.02, V.A. C.C.P. He urges this Court to accord him the right of appeal and order respondent to see that right is carried out.

On August 8, 1978, when the habeas petition was presented to this Court, the matter was ordered filed and set for submission before the Court en banc, and the record of all the proceedings on the guilty pleas resulting in the four convictions were ordered forwarded to this Court and the petitioner's bail was set at $75,000 pending review of the matter presented by the petitioner.

After consideration, we conclude that this matter should be treated as an application for writ of mandamus rather than as an original application for writ of habeas corpus. *Ex parte Giles*, Tex.Cr. App., 502 S.W.2d 774; *Vance v. Clawson*, Tex.Cr.App., 465 S.W.2d 164, cert. den., *Pruett v. Texas*, 404 U.S. 996, 92 S.Ct. 529, 30 L.Ed.2d 548. This Court has the authority to issue such writs of mandamus regarding criminal law matters. Article V, Sec. 5, as amended, 1977.

From the record forwarded from the trial court, it is clear that the respondent's denial to petitioner was based on Article 44.02, V.A.C.C.P., as amended, which reads:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

The record further reflects that on May 30, 1978 petitioner waived trial by jury and entered guilty pleas to four felony offenses before the court. There were three second degree felony theft offenses and one sale of securities by an unregistered agent. The trial judge heard the guilty plea to the securities fraud charge first and then heard guilty pleas to the three felony theft charges. While the trial judge in each hearing inquired as to whether there was a plea bargain and was assured by the prosecutor that there was one, he did not inquire of the petitioner personally whether he had agreed to the recommended punishment. *Decker v. State,* 570 S.W.2d 948 (Tex.Cr. App.1978), held that Article 44.02, supra, requires the defendant to personally consent, and where the record fails to reflect such personal consent, then the right of appeal cannot be denied under such statute.

It follows that the failure to ascertain if the petitioner had personally consented to the recommended punishment prevents Article 44.02, supra, from being used to prevent the appeals. Petitioner is entitled to the relief he seeks. We are sure the respondent will accord the petitioner his right of appeal in the four cases involved without the necessity of the issuance of a mandamus.

It is so ordered.

ONION, P. J., not participating.

VOLLERS, Judge, concurring.

I concur in the conclusion of the majority that this matter should be treated as an application for writ of mandamus and I concur in the result reached that the petitioner is entitled to relief. However, I feel that the majority is overlooking the plain wording of Article 44.02, V.A.C.C.P. which clearly provides that under certain circumstances a trial judge may deny the defendant the right to appeal where he "assesses *punishment* and the *punishment* does not exceed the *punishment* recommended by the prosecutor and agreed to by the defendant and his attorney . . . " While this record before us clearly reflects that there was a plea agreement, it does not reflect that the agreement included an agreement by the defendant and his counsel and the prosecutor as to *punishment.* The record clearly reflects that the State was to recommend ten years' confinement in the Texas Department of Corrections while the petitioner's attorney was to ask the court to grant probation. Contrary to the holdings of this Court in *Lechuga v. State,* 532 S.W.2d 581 (Tex.Cr.App.1975) I feel very strongly that there is a great deal of difference between the punishment requested by the petitioner of probation for a period of ten years and the punishment requested by the prosecutor of confinement in the Texas Department of Corrections for ten years. If the majority is holding that probation and confinement are the same punishment, I simply cannot agree.

The right to appeal is granted to every person in a criminal action who has been convicted, with the limited exception carved out by the legislature in its provisions enacted in Article 44.02, supra. This exception to the right of appeal should not be broadened by an interpretation that goes beyond the scope of the provisions which the legislature specifically enacted. I therefore concur in the result reached that the petitioner is entitled to an appeal because this record clearly reflects that there was no agreement as to punishment.