Elma Lee EUBANKS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 63884, 63885.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 11, 1980.

Gary L. Bridges, Odessa, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

Cause No. 63,884 is an appeal from a conviction for the offense of aggravated perjury. The punishment assessed is imprisonment for ten years. Cause No. 63,885 is an appeal from an order revoking probation. In the case of the latter cause number the appellant had been convicted for the offense of felony theft; punishment of imprisonment for five years and assessed, but the appellant was granted probation. We will discuss each cause in turn.

### CAUSE NO. 63,884

In his appeal from the aggravated perjury conviction, the appellant asserts that he

was not fully advised of the consequences of his plea of guilty as required by Art. 26.13, V.A.C.C.P. He says the court failed to advise him that if he agreed to the punishment recommended by the State and the punishment assessed by the court did not exceed that to which he agreed he would lose his right of appeal under the provisions of Art. 44.02, V.A.C.C.P.

■ The State on the other hand urges that under the provisions of Art. 44.02, V.A. C.C.P. the appeal should be dismissed because there was a negotiated plea bargain in which the appellant agreed to the punishment recommended by the State and the court assessed punishment which did not exceed that recommended. We cannot agree with the State that the appeal should be dismissed, because the record fails to show that the appellant agreed to accept the punishment recommended by the State. The record shows that the appellant was asked by the court:

"Q. What do you expect the District Attorney's office to recommend as your punishment?"

The appellant replied, "Ten years." The appellant was not asked if he agreed to accept the punishment recommended. Therefore, the record does not show that he personally agreed to the recommendation.

In *Decker v. State*, 570 S.W.2d 948 (Tex. Cr.App.1978), this Court held that the trial court could not deny the defendant his right to appeal under Art. 44.02 when, although appellant's counsel agreed to the recommended punishment, there was no showing that defendant personally agreed. We stated, "[w]e construe Art. 44.02, supra, to require the defendant to personally agree to the recommended punishment." 570 S.W.2d at 950. We adhere to this holding, and will therefore consider the present appeal. See also *Broggi v. Curry*, 571 S.W.2d 940 (Tex.Cr.App.1978).

Appellant's counsel has filed a brief, which fully complies with the requirements of *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App. 1969), in which he presents one arguable ground of error: the trial court committed reversible error by failing to admonish appellant about the possible effect of his guilty plea on his right of appeal.

Art. 26.13(c), V.A.C.C.P., in effect when appellant entered his plea on May 23, 1978, provides:

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Appellant's counsel suggests this provision could be interpreted to mean that the appellant's conviction, based on his plea of guilty, should be reversed and a new trial granted, because he can affirmatively show he was not aware of "the consequences of his plea" on his right to appeal, and that the failure to admonish him of these consequences harmed or misled him. We find no merit to this contention.

■ This Court has interpreted "the consequences of [the accused's] plea," as used in Art. 26.13, V.A.C.C.P., to mean "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." *Wright v. State*, 499 S.W.2d 326 (Tex.Cr.App.1973), and cases there cited. We have rejected arguments that Art. 26.13, V.A.C.C.P. requires the trial court to admonish a defendant, in informing him of the consequences of his plea, that the court has the discretion to cumulate sentences, *Simmons v. State*, 457 S.W.2d 281 (Tex.Cr.App.1970), or that a conviction on a guilty plea may be used for enhancement of punishment of a subsequent felony conviction. *Cooper v. State*, 492 S.W.2d 545 (Tex.Cr.App.1973). Similarly, we hold that the provisions of Art. 26.13, V.A.C.C.P. in effect at the time appellant entered his plea[1] did not require the trial court, in

---

1. Appellant entered his plea on May 23, 1979. Effective September 1, 1979, subsection (a)(3) was added to Art. 26.13:

"(a) Prior to accepting a plea of guilty . . . ., the court shall admonish the defendant of:

admonishing appellant of the consequences of his guilty plea, to inform him of the possible effect on his right to appeal under Art. 44.02, V.A.C.C.P.

Moreover, any harm caused because appellant was unaware, when he pled guilty, of the possible limitation on his right to appeal, is remedied by our holding that appellant is entitled to an appeal on other grounds. We therefore find no grounds for reversal.

## CAUSE NO. 63,885

Cause No. 63,885 is an appeal from an order revoking probation. On September 13, 1978, the State filed a motion to revoke probation. On October 12, 1978, the State filed an amended motion to revoke probation alleging that on September 29, 1978, appellant had violated the condition of probation that he commit no offense against the laws of Texas by being intoxicated in a public place, and by engaging in disorderly conduct. On March 9, 1979, the State filed a second amended motion to revoke probation, which alleged five violations of the conditions of appellant's probation; committing aggravated perjury to obtain probation; being intoxicated in a public place on September 29, 1978; failing to report to the probation officer as directed on November 1, 1978; failing to report to the probation officer as directed on November 8, 1978, or any subsequent Wednesday; and being out of Ector County and the State of Texas, in California, without the court's permission. During the probation revocation hearing on May 23, 1979, the following exchange occurred:

"THE COURT: Mr. Winston, on the amended motion to revoke probation, have you had the opportunity to examine it?

MR. WINSTON [COUNSEL FOR APPELLANT]: We will admit that the allegations as to going to California are true and that he had to be picked up by Mr. Neely.

" * * *
"(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial

"THE COURT: You will enter a plea of true.

"MR. WINSTON: Right.

"THE COURT: These are to run concurrently?

"MR. CHAVEZ [PROSECUTOR]: Yes, your Honor.

"THE COURT: That leaves us without anything further to do until he gets sentenced on the 4th. I will enter a finding based upon his plea that he did violate the terms and conditions of probation and his probation should be revoked, and sentencing in this case will be pronounced on June 4."

On June 7, 1979, the court entered a written order revoking appellant's probation, on the grounds that on September 29, 1978, appellant committed an offense against the laws of the State of Texas by being intoxicated in a public place, and committed an offense against the laws of the State of Texas by engaging in disorderly conduct.

Appellant asserts that the evidence fails to support the court's order and that the court therefore abused its discretion in revoking probation. We agree.

Although the comments by appellant's counsel quoted above might constitute a plea of true that appellant had been outside Ector County and the State of Texas without the court's permission, the court failed to find, in its order, that the appellant had violated the conditions of probation in that respect. The written order of the court controls over an oral announcement. *Ablon v. State*, 537 S.W.2d 267 (Tex. Cr.App.1976). No evidence was introduced to show that appellant had been intoxicated in a public place or had engaged in disorderly conduct on September 29, 1978.

In *Walkovak v. State*, 576 S.W.2d 643 (Tex.Cr.App.1979), we held that the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written condition filed prior to trial."

court had abused its discretion in revoking probation because there was insufficient evidence to support his stated ground for revocation. We stated:

"Although it would appear that there was ample evidence available to prove that appellant had violated conditions of probation, there is no evidence that he breached the condition which the court found had been breached."

576 S.W.2d at 644. Similarly, in this case, although there is evidence to show the appellant had violated a condition of his probation by leaving the State without the court's permission, the judgment must be reversed because there is no evidence to show he committed the offenses relied on in the trial court's order revoking probation. This holding makes it unnecessary to consider the contentions raised in appellant's pro se brief.

The judgment in Cause No. 63,885 is reversed and the cause is remanded.

The judgment in Cause No. 63,884 is affirmed.