Larry William **PADGETT,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 0266–87.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1989.

John E. Weddle, Dallas, for appellant.

John Vance, Dist. Atty. & Patricia Poppoff Noble, Gary A. Moore & John Ziegler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

This is a conviction for driving while intoxicated, a misdemeanor, on a plea of nolo contendere before the trial court.

Appellant pleaded after denial of his pretrial motion to suppress evidence obtained by peace officers upon stopping appellant at a police roadblock, detaining him and investigating his sobriety. The court of appeals found the initial stop was not authorized by law, and reversed the judgment. *Padgett v. State,* 723 S.W.2d 780 (Tex.App.—Dallas 1987).[1]

However, lurking throughout the appellate process is a question of whether the court was honoring a true plea bargain agreement within the contemplation of former article 44.02, C.C.P.[2]

Although the trial court assessed punishment conformably with what appears to be the final recommendation by the prosecuting attorney, the State insists that neither a plea bargain nor acceptance of terms of punishment by appellant is shown.[3] We granted review first to determine that threshold issue and then, if need be, to examine reasons given by the Dallas Court for declaring illegal the roadblock stop.

In a single paragraph of its unreported supplemental opinion the Dallas Court of Appeals disagreed with the State's contention that "the record does not show that his plea of nolo contendere was pursuant to a plea bargain," merely adding:

"... We have thoroughly examined the record, and it clearly reveals that appellant's plea of nolo contendere was in response to a plea bargain. Therefore, appellant has not waived his right to appeal under Article 44.02 of the Texas Code of Criminal Procedure."

Former article 44.02, supra, "places a burden on one who would appeal from a negotiated proceeding before the Court to make manifest upon the record [the prescribed prerequisites] in order to *invoke the jurisdiction* of this Court under the proviso[.]" *Galitz v. State,* 617 S.W.2d 949, at 951 (Tex.Cr.App.1981) (emphasis in original).[4] Those requisites are explicated in *Galitz, viz:*

---

1. Opining that establishing the road block for "multiple purposes" made the stop "illegal since it was in violation of state law," *id,* at 781, the Dallas Court of Appeals further found:

   "Thus, it is clear from the record that the officers had neither probable cause nor reasonable suspicion to justify the stop of appellant. Accordingly, *the stop was illegal and the evidence must be suppressed* under the 'fruit of the poisonous tree' doctrine...."

   *Id.,* at 782–783. (All emphasis is supplied here and throughout by the writer of this opinion unless otherwise indicated.)

2. On direct appeal the State presented a counterpoint asserting that the plea "waived all non-jurisdictional defects," arguing that the record fails to reflect a situation prescribed by the proviso to former article 44.02; when the opinion of the Dallas Court pretermitted that point, the State moved for rehearing en banc; only in a supplemental opinion after petition for discretionary review was filed, see Tex.R.App.Pro. Rule 101, did the Dallas Court address the issue.

3. The State filed a written announcement of ready May 31, 1985 (before appellant was represented by counsel); under "RECOMMENDATION" are several cryptic notations, including "60 d & 100," followed by "2-4-86" and "J.Z.," the latter being initials of the prosecuting attorney. After the case was passed several times, on March 13, 1986, the court tried the cause, assessed punishment at confinement for 60 days and a fine of $100, and sentenced appellant accordingly; the same day appellant gave notice of appeal and filed an approved appeal bond in the amount fixed by the court.

   We notice that all steps to perfect an appeal, as well as filing appellate briefs, were completed before Texas Rules of Appellate Procedure became effective on September 1, 1986.

4. While *Galitz v. State,* supra, was decided prior to September 1, 1981, the day courts of appeals received appellate jurisdiction in criminal cases, former article 44.02 continued in effect until September 1, 1986, when this Court adopted Texas Rules of Appellate Procedure the proviso

"(1) existence of a plea bargaining agreement with the State;

(2) punishment assessed by the trial court at or within that recommended by the prosecutor and *agreed to personally by the defendant;*

(3) the basis of the appellate ground of error has been presented in writing, pretrial, to the trial court for consideration OR the trial court has given permission to pursue an appeal in general or upon specific contentions."

*Id.,* at 951–952 (footnotes omitted).

We do not have a transcription of notes of a court reporter of the plea hearing (only a statement of facts adduced at hearing on motion to suppress). Thus we must discern what occurred at the former from papers in the transcript.

■ On that same basis, appellant represents that the requirement of a plea bargain is "clearly shown" by matters he reviews that we reproduce in the margin.[5] Taking his cue from and quoting a clause in *Dees v. State,* 676 S.W.2d 403, at 404 (Tex.Cr.App.1984), appellant concludes that a careful review of the record for *"evidence that might reflect a plea bargain agreement"* indicates his plea the judge accepted is a result of a negotiated plea bargain with the State. Brief, at 3.[6] But, for reasons to be developed, we do not regard "evidence that might reflect a plea bargain agreement" sufficient to meet the requirements of former article 44.02, as explicated in *Galitz v. State,* supra.

■ Pertinent papers in the record, as well as a recitation by counsel in his summary of proceedings, see *ante,* at note 2, confirm that appellant was present in court on March 13 when the plea hearing was held. The second prerequisite of former article 44.02 is that recommended punishment be "agreed to [personally] by the *defendant* and his attorney," *Galitz v. State,* supra. Yet, "the record fails to reflect appellant's personal consent to the recommended punishment [made by the prosecutor]," *Decker v. State,* 570 S.W.2d 948, at 950 (Tex.Cr.App.1978).

Unless an accused personally agrees to the punishment recommended by the prosecutor, all requisites of the proviso in former article 44.02 are not satisfied. Therefore, an appeal will not lie under the proviso; but defendant may not be denied his appeal under the general right of appeal granted by Article 44.02. *Decker v. State,* supra, and progeny, e.g., *Broggi v. Curry,* 571 S.W.2d 940, at 941 (Tex.Cr.App.1978), and *Eubanks v. State,* 599 S.W.2d 815, at 816 (Tex.Cr.App.1980); see *Sterling v. State,* 595 S.W.2d 536, at 537 (Tex.Cr.App. 1980); see also *Lackey v. State,* 574 S.W.2d 97, at 100 (Tex.Cr.App.1978, and *King v. State,* 687 S.W.2d 762, at 765–766 (Tex.Cr. App.1985); cf. *Ferguson v. State,* 571 S.W. 2d 908, at 909 (Tex.Cr.App.1978).

It follows that the Dallas Court of Appeals wrongly rejected persistent contentions by the State to that effect, see *ante,* at note 2, and thus erroneously concluded that appellant perfected his appeal under

---

was repealed by operation of law under former article 1811f, V.A.C.S. (§§ 1–7 since transferred to Government Code and repealed by Acts 1987, 70th Leg., ch. 148, § 2.04(b), p. 543).

5. "This requirement is clearly shown by the fact that the state initially made a 'recommendation' of 45 days in jail and a $1,000.00 fine at the time of its announcement of ready on May 29, 1985. (R.I–6). Following this 'recommendation', the trial court denied Appellant's Motion to Suppress Evidence on January 3, 1986. (R.I–5, 11). On the same day, following the court's denial of his motion, Appellant set his case for a jury trial to be held on February 5, 1986. (R.I–12). At the time set for the trial, the case was passed for a plea (R.I–12), with a notation made on the Court's docket that the defendant had passed the case in advance for a plea on March 13, 1986.

(R.I–5) The 'recommendation' by the state was noted as have been changed on '2–4–86' to 60 days in jail and a $100.00 fine. The fact that the defendant removed his case from the jury docket and agreed to enter a plea is clearly a result of the change in the plea bargain resulting from negotiations conducted just prior to trial. This is confirmed by the fact that defendant did then enter his plea of March 13, 1986, as agreed." Brief, at 3 ("R.I" refers to transcript).

6. We pause to observe that the leading opinion in *Dees v. State,* supra, is approved by just two judges; three concurred in the result; three dissented without written opinion, and another filed a dissenting opinion. Moreover, the question of preserving error for appellate review was raised *sua sponte* and decided *sans* notice to, briefs from or argument by the parties.

the proviso to former article 44.02. Since appellant was and is relying solely on that proviso, the second ground for review becomes moot, and we do not intimate any view on that issue in this cause.

Therefore, the judgment of the Dallas Court of Appeals is reversed and the judgment of the trial court is affirmed.