**Van Eric GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**John Tony HICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 635–94, 669–94.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1996.

Ross Teter, Dallas, for appellant.

Karen R. Wise, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

The trial court convicted appellant Gray of burglary of a building and assessed a sentence of ten years. The trial court convicted appellant Hickerson of burglary of a habitation and assessed a sentence of five years. Both appealed, claiming ineffective assistance of counsel, and each, in his respective notice of appeal, declared his indigency and moved the trial court for a free statement of facts. The trial court, however, did not respond to either of appellants' motions.

The Fifth Court of Appeals affirmed both convictions, concluding that appellants did not exercise due diligence in asserting their indigency and, thus, were not entitled to a free record on appeal. *Gray v. State*, No. 05–92–01307–CR, 1994 WL 236284 (Tex. App.—Dallas [5th Dist.], 1994); *Hickerson v. State*, No. 05–92–00423–CR, 1994 WL 263355 (Tex.App.—Dallas [5th Dist.], 1994). We granted discretionary review to decide whether the court of appeals erred in its determinations.

▆ Included in the Texas Rules of Appellate Procedure is a provision by which indigent defendants can obtain a free statement of facts on appeal:

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts ... TEX. R.APP. P. 53(j)(2).

A similar provision, and the predecessor to rule 53(j)(2), existed in the Code of Criminal Procedure before its repeal in 1986. TEX. CRIM. PROC.CODE art. 40.09, § 5. Both construct a framework in which appellants must assert their indigency and in which, even after such a claim, indigency is not presumed, but, rather, determined by the trial court after a hearing. In *Abdnor v. State*, 712 S.W.2d 136 (Tex.Crim.App.1986), this Court analyzed art. 40.09, § 5 and recognized that an appellant's compliance with that statute required both that the appellant exercise due diligence in asserting his indigency and that the appellant carry the burden of proof at the hearing to prove the veracity of his indigency claim. As we made unmistakably clear in *Abdnor*, an appellant who timely filed his indigency affidavit had exercised the requisite "due diligence." *Id.* at 142. The necessity for the timely compliance with judicial procedures may seem self-evident. Laden with procedures, our judicial system would operate ineffectively if those employing such procedures were allowed to simply get to them when they wanted. In fact, rule 53(j)(2) specifically addresses this temporal issue by requiring that an appellant desiring a free statement of facts file an indigency affidavit and motion "within the time prescribed for perfecting the appeal." Thus, we do not need to speak in terms of "due diligence" or "timely filing." We need only say that appellants seeking the benefit of rule 53(j)(2) must file an indigency affidavit and move the court for a hearing on that assertion in the time set out in the statute and must also, consistent with *Abdnor*, demonstrate his indigency at the hearing.

▆ That said, each appellant here both timely filed his indigency affidavit and timely moved the court for a free statement of facts. But the Court of Appeals held that "[t]he record does not show whether the trial court held a hearing to determine appellant's indigent status ..." and that appellant did not exercise due diligence in asserting his indigency. *Gray v. State*, No. 05–92–01307–CR, 1994 WL 236284 (Tex.App.—Dallas [5th Dist.], 1994); *Hickerson v. State*, No. 05–92–00423–CR, 1994 WL 263355 (Tex.App.—Dallas [5th Dist.], 1994). This language implies that appellant did not meet the requirements of rule 53(j)(2) because he did not *ensure* that a hearing was held. Thus, under the court of appeals' analysis, rule 53(j)(2) requires not only that an appellant claim he is indigent and move for a free statement of facts, but that he also successfully prod the trial court to conduct a hearing on that motion. On its face, however, the rule does not impose this duty on appellants and, although due process demands a hearing whenever a party must prove or disprove a factual proposition, this requirement in no way forces the party seeking the benefit of that hearing to ensure that it be held.

Perhaps the court of appeals only meant to read rule 53(j)(2) so as to demand that an appellant not only file his motion for a free statement of facts, but also present that motion to the trial court. Unlike TEX.R.APP. P. 31(c)(1), however, rule 53(j)(2) does not state or necessitate such a requirement and we are not at liberty to inject it into the rule.

As to each appellant, Gray and Hickerson, we therefore vacate the judgment of the

court of appeals and order this appeal to be abated while the trial court conducts a hearing to determine whether appellant is indigent. If the court finds that he is, it must provide him with a statement of facts at no charge, after which the time limits for prosecuting his appeal shall be calculated as in other cases. If the court finds that he is not indigent, it shall certify that fact to the court of appeals, which may then finally dispose of the appeal without further proceedings in the trial court.

KELLER, Judge, dissenting.

The majority states, correctly, that an appellant who seeks the benefit of rule 53(j)(2) must file an indigency affidavit, *move the court for a hearing on that assertion*, and demonstrate indigency at the hearing. Appellants did not move the court for a hearing on their motions, yet the majority grants them relief. I do not follow this reasoning.

Our rules of procedure place the responsibility for causing the statement of facts to be filed on the appellant. Tex.R.App.P. 53(k). Rule 53(j)(2) makes it clear that the appellant has the burden to plead and prove indigency in order to obtain a taxpayer funded statement of facts on appeal. To show entitlement to a taxpayer funded appellate record, a defendant must: (1) exercise due diligence in asserting indigency, including timely filing of an affidavit, and (2) sustain the allegations in the affidavit at the hearing. *Abdnor v. State*, 712 S.W.2d 136, 140–41 (Tex.Crim.App. 1986); *Snoke v. State*, 780 S.W.2d 210, 213 (Tex.Crim.App.1989). Indigency alone is not sufficient without a showing of due diligence. *Abdnor*, 712 at 141.

The declarations of indigency and request for taxpayer funded statement of facts in appellants' notices of appeal did not request a hearing on the indigency issue. No hearing was held. Consequently, appellants did not carry their burden of proving their claims. The majority argues that the requirement of a hearing to prove or disprove a factual proposition "in no way forces the party seeking the benefit of that hearing to ensure that it be held." However, appellants do not argue that they requested and were denied hearings.

The majority seems to believe that obtaining a hearing on indigency is a difficult matter, requiring some kind of "prodding" of the trial court. On the contrary, requesting and scheduling a hearing is a simple enough business—in fact it is the routine business of every trial court.

I agree with the Court of Appeals that appellants did not exercise due diligence in asserting their indigency claims because they failed to request a hearing on the issue. A party who shoulders the burden of proof on an issue the resolution of which is not apparent from the record and requires the development of evidence must present his claims to the trial court in order to obtain a hearing. Although the language of Rule 53(j)(2) and its predecessor seem to assume that a hearing will be conducted, this should not be interpreted as requiring the trial court to schedule a hearing automatically. Instead, the assumption that a hearing will take place stems from the necessity that the defendant prove his allegations, since the affidavit itself is no longer self-proving and the trial court has discretion to determine the facts. Presentment is necessary when a motion is filed post-trial because the case is no longer on the court's docket, and merely filing a motion may be insufficient to put the trial court on notice of the need to take action. (Compare Tex.R.App.Pro. 31(d) (requirement) that motion for new trial be filed *and* presented to the trial court). Therefore, I would hold that in order to be entitled to a hearing to prove indigence for purposes of obtaining a taxpayer funded statement of facts on appeal, the defendant must present his affidavit and motion to the trial court and request a hearing.

Because appellants did not seek a hearing in order to prove their indigency claims, they did not exercise due diligence in asserting them. Therefore, I would affirm the judgment of the Court of Appeals.

McCORMICK, P.J., and WHITE and MANSFIELD, JJ., join.