Carl Dewayne SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01341–CR.

Court of Appeals of Texas, Dallas.

Aug. 27, 1997.

E. Brice Cunningham, E. Brice Cunningham, P.C., Dallas, for Appellant.

Lorraine Raggio, Asst. Dist. Atty., Dallas., for State.

Before LAGARDE, WHITTINGTON and JAMES, JJ.

## OPINION

LAGARDE, Justice.

Carl Dewayne Smith appeals his conviction of forgery. In a single point of error, appellant contends that his conviction must be reversed and this cause remanded for a new trial because the statement of facts from his October 11, 1989 deferred adjudication hearing was lost or destroyed through no fault of his own. For reasons that follow, we dismiss this appeal.

Appellant was indicted for the August 9, 1989 offense of forgery. Appellant waived his right to a jury, pleaded guilty pursuant to a plea bargain agreement with the State, and signed a written judicial confession that tracked the language of the indictment. On October 11, 1989, the trial court held a hearing in which the trial court accepted appellant's plea, followed the plea bargain agreement, deferred adjudication of guilt, and placed appellant on deferred adjudication probation for three years, subject to various conditions.

On June 20, 1991, the State filed a motion to proceed with adjudication of guilt on the grounds that appellant had violated the terms of his probation. Appellant pleaded true to the State's allegations. On July 18, 1991, the trial court found the State's allegations true, accepted appellant's guilty plea entered on October 11, 1989, adjudicated appellant's guilt, and sentenced appellant to ten years' confinement and a $500 fine.

On August 9, 1991, appellant filed a motion for new trial. On August 15, 1991, appellant filed a notice of appeal from the July 18, 1991 adjudication. In the notice of appeal, appellant claimed he was indigent and requested that the trial court order the court reporter to prepare a statement of facts reflecting all evidence presented in this cause. On June 26, 1996, the court reporter filed an affidavit with this Court stating that he could not locate the court reporter who reported the October 11, 1989 proceeding. This Court ordered the trial court to conduct a hearing to determine whether the statement of facts was available. The trial court held the hearing and found that the statement of facts from the October 11, 1989 proceeding had

been lost or destroyed through no fault of the defendant and the parties could not agree on a statement of facts. This Court adopted the trial court's findings.

In a single point of error, appellant argues we must reverse his conviction and remand for a new trial because the statement of facts from his October 11, 1989 plea hearing was lost or destroyed through no fault of his own.

## JURISDICTION

■ Unless the power or authority of a court to perform a contemplated act can be found in the Constitution of this State or laws enacted thereunder, that court is without "subject matter jurisdiction" to so perform. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim.App.1981). Thus, the power of this Court to perform the contemplated act of considering an appeal from a criminal conviction obtained in a district court of this State is solely determined by legislative authorization; in short, the right to appeal in this State is a statutory right. *Id.* And so it was until 1977 that a defendant in any criminal action had the right to appeal. *Id; see also* TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). But then this broad grant of the right to appeal was narrowed for would-be appellants who choose to enter pleas of guilty before the trial court and are sentenced within the terms of a plea bargain agreement. For those appellants, new jurisdictional requisites were established by amendment, effective August 29, 1977, which added a proviso to article 44.02 of the code of criminal procedure. *Galitz*, 617 S.W.2d at 951. The court of criminal appeals eventually decided that a defendant's failure to comply with the proviso to article 44.02 was jurisdictional, and a defendant had to obtain the trial court's permission to appeal a nonjurisdictional defect occurring before or after entry of the plea. *Lyon v. State*, 872 S.W.2d 732, 735 (Tex.Crim.App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). By order dated December 18, 1985, the court of criminal appeals repealed the proviso to article 44.02 and replaced it with rule 40(b)(1) of the Texas Rules of Appellate Procedure, effective September 1, 1986. *Id.* In promulgating rule 40(b)(1), the court of

criminal appeals acted on the assumption that the body of caselaw construing the proviso to article 44.02 would prevail and still control. *Id.* Compliance with rule 40(b)(1) is jurisdictional. *Id.*

### *Rule 40(b)(1)*

■ A defendant who receives deferred adjudication pursuant to a negotiated plea bargain and is later adjudicated guilty must comply with the extra notice requirements of rule 40(b)(1). *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Lyon*, 872 S.W.2d at 736; *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Miller v. State*, 879 S.W.2d 336, 337 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Rule 40(b)(1) states in relevant part:

> ... [I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecution and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the *notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

TEX.R.APP. P. 40(b)(1) (emphasis added).

■ Under the restrictions of rule 40(b)(1), a class of appellants is precluded from appealing. TEX.R.APP. P. 40(b)(1); *see Galitz*, 617 S.W.2d at 952 n. 8 (when the record reflects either no plea bargain agreement, no personal assent by the defendant to the recommendation of the prosecutor, or a plea to a jury, rule 40(b)(1) *may not operate to deny the defendant his right to appeal* ). *Cf. Broggi v. Curry*, 571 S.W.2d 940, 940 (Tex.Crim.App.1978) (failure to ascertain if the petitioner personally consented to the recommended punishment prevents article 44.02 from being used to prevent appeals); *cf. Decker v. State*, 570 S.W.2d 948, 950 (Tex.Crim.App. [Panel Op.] 1978) (trial court could not deny the defendant his right to appeal under article 44.02 when, although appellant's counsel agreed to the recom-

mended punishment, there was no showing that defendant personally agreed). Failure to comply with the provisions of rule 40(b)(1) prevents an appeal under the proviso, but the defendant may not be denied his appeal under the general right of appeal granted by article 44.02. *Padgett v. State,* 764 S.W.2d 239, 241 (Tex.Crim.App.1989) (per curiam) (referring to TEX.CODE CRIM. PROC. ANN. art. 44.02). In other words, when an appellant personally agrees to the punishment recommended and the punishment assessed is within that recommended by the prosecution, an appellant's right of appeal is restricted. If he does not fall within that restricted class, he has an unrestricted general right of appeal.

■ In our case, appellant personally agreed to the punishment recommended and assessed. The transcript contains a document styled, "Plea Bargain Agreement," which appellant personally signed. In this document, appellant agreed to plead guilty, to testify, and to submit to three years' deferred adjudication probation. With this personal agreement to the punishment recommended and assessed, appellant must have the trial court's permission to appeal. *Cf. Padgett,* 764 S.W.2d at 241; *see also Watson,* 924 S.W.2d at 714 (order of deferred adjudication is punishment, thus the restrictions of rule 40(b)(1) apply).

■ An appeal to which the restrictions of rule 40(b)(1) apply is limited to matters which the trial judge allows, to pretrial motions, and to jurisdictional defects. *Watson,* 924 S.W.2d at 714. A court of appeals errs if it reaches the merits of nonjurisdictional complaints raised by an appellant without permission of the trial judge or benefit of a written motion filed before trial. *Id.* at 715; *Lyon,* 872 S.W.2d at 732; *Davis,* 870 S.W.2d at 43.

■ In this case, the trial judge did not allow appellant to appeal, appellant is not appealing a matter raised in a pretrial motion, and appellant does not allege a jurisdictional defect. Instead, appellant is seeking reversal based solely on the destruction of the statement of facts from his October 11, 1989 plea hearing. Appellant has not complied with the extra notice requirements of rule 40(b)(1). *See* TEX.R.APP. P. 40(b)(1). We, therefore, do not have jurisdiction over this appeal.

### Remedy for Affected Appellants

■ An appellant who is precluded from appealing by the restrictions contained in rule 40(b)(1) is not without remedy. When a trial judge denies an appellant the right to appeal from his conviction under rule 40(b)(1), the appellant, under certain circumstances, may file an application for writ of mandamus to compel the trial judge to allow the appeal. *See Broggi,* 571 S.W.2d at 940 (mandamus to accord right of appeal to a defendant who was not shown by the record to have personally consented to a plea bargain implemented by the court). Here, appellant did not have the trial court's permission to appeal nor did he file an application for writ of mandamus to compel the trial judge to give him permission.

### Untimely Notice of Appeal

We also have no jurisdiction over this appeal because appellant's notice of appeal was not timely. Before 1987, a defendant could not appeal from an order deferring adjudication of guilt. *See Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991). In 1987, the Texas Legislature amended article 44.01 of the code of criminal procedure to give the State a limited right of appeal. *Id.* (discussing Act of May 30, 1987, 70th Leg., R.S., ch. 382, 1987 Tex. Gen. Laws 1884, 1884) (current version at TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1997)). The amendment also gave defendants on deferred adjudication a limited right to appeal. *Id; see also Kirk v. State,* 942 S.W.2d 624, 625 (Tex.Crim.App.1997) (discussing *Dillehey* and the statutory predecessor to TEX.R.APP. P. 40(b)(1)).

■ Therefore, deferred adjudication orders are appealable and were appealable on October 11, 1989, the date appellant was placed on deferred adjudication probation. *See* Act of May 30, 1987, 70th Leg., R.S., ch. 382, 1987 Tex. Gen. Laws 1884, 1884 (current version at TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1997)); TEX.CODE

CRIM. PROC. ANN. art. 44.02 (Vernon 1979); Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases, September 22, 1986; TEX.R.APP. P. 40(b)(1); *Watson,* 924 S.W.2d at 714. The time for perfecting an appeal is thirty days after an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days. *See* TEX.R.APP. P. 41(b)(1).

■ Appellant's right to appeal from the October 11, 1989 hearing in which the court granted deferred adjudication probation arose on October 11, 1989 and expired either on November 11, 1989, thirty days later, or January 9, 1990, ninety days later. Appellant did not file a notice of appeal until August 15, 1991. Appellant has not timely filed a notice of appeal of the October 11, 1989 order deferring adjudication. Thus, we have no jurisdiction over an appeal from the October 11, 1989 order deferring adjudication of appellant's guilt.

## MERITS

Although we conclude we do not have jurisdiction over this appeal, in the interest of judicial economy should we be deemed to have jurisdiction, we would affirm on the merits.

### Untimely Request for Statement of Facts

■ Appellant's August 15, 1991 request for a statement of facts from the October 11, 1989 hearing was untimely. A request for a statement of facts is timely if it is made "at or before the time prescribed for perfecting *the* appeal." *See* TEX.R.APP. P. 53(a) (emphasis added). We conclude the italicized "the" refers to the appeal from the judgment or other appealable order resulting from the evidentiary hearing producing the statement of facts being sought. Deferred adjudication orders are appealable and were appealable on October 11, 1989, the date appellant was placed on deferred adjudication probation. *See* Act of May 30, 1987, 70th Leg., R.S., ch. 382, 1987 Tex. Gen. Laws 1884, 1884 (TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1997)); TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979); Order Implementing the Texas Rules of Ap-

pellate Procedure in Criminal Cases, September 22, 1986; TEX.R.APP. P. 40(b)(1); *Watson,* 924 S.W.2d at 714. Thus, to be timely, appellant's request for the statement of facts had to be filed either on or before November 10, 1989, thirty days after the order deferring adjudication of guilt, or on or before January 9, 1990, ninety days after the order deferring adjudication of guilt, if a motion for new trial was filed. Appellant requested the statement of facts on August 15, 1991. Therefore, appellant's request for the statement of facts was untimely in violation of rule 53(a); thus, we would overrule his point of error.

### Indigent's Right to Free Statement of Facts

■ Finally, the dissent contends that rule 53(j)(2), providing that indigents are entitled to a free statement of facts on appeal, does not limit the right to a free statement of facts to only those appellants who file a notice of appeal that complies with rule 40(b)(1). *See* TEX.R.APP. P. 53(j)(2). However, the dissent fails to note that rule 53 does impose rules and restrictions on the indigent's right to a free statement of facts. *See* TEX.R.APP. P. 53(j)(2) (appellant unable to pay may, *by motion and affidavit,* move the trial court to have statement of facts furnished without charge); TEX.R.APP. P. 53(k) (it is *appellant's duty* to cause the statement of facts to be filed with the Clerk of the Court of Appeals). Case law also imposes responsibilities on an indigent appellant in filing the statement of facts. *See Curlin v. State,* 881 S.W.2d 513, 515 (Tex.App.—Dallas 1994, no pet.) (indigency alone, without exercising due diligence, does not sustain an appellant's claim for a free statement of facts). Even an indigent appellant has duties and responsibilities under rule 53(j), and nothing in rule 53(j) precludes the simultaneous application of the extra notice requirements of rule 40(b)(1). *See* TEX.R.APP. P. 53(j).

In conclusion, appellant personally agreed to the punishment recommended and assessed, did not comply with the extra notice requirements of rule 40(b)(1), has a remedy by way of mandamus to seek the trial court's permission to appeal, did not timely file a notice of appeal of the order granting de-

ferred adjudication in violation of rule 41(b)(1), did not timely request a statement of facts under rule 53(a), and is not limited by his indigency under rule 53(j)(2). *See* TEX.R.APP. P. 40(b)(1); TEX.R.APP. P. 41(b)(1); TEX.R.APP. P. 53(a); TEX.R.APP. P. 53(j)(2). This appeal is dismissed for lack of jurisdiction. Assuming *arguendo*, we have jurisdiction, we overrule appellant's point of error for lack of merit.

WHITTINGTON, J., dissents.

WHITTINGTON, Justice, dissenting.

In its opinion, the majority concludes that for an appellant who pleads guilty pursuant to a plea bargain to appeal the denial of a statement of facts, he must first file a specific notice of appeal under Texas Rule of Appellate Procedure 40(b)(1). The majority then concludes that for such an appellant to appeal the original hearing placing him on deferred adjudication probation, he must first file a notice of appeal and request for the record within thirty days from the date of the original hearing.[1] Because I cannot agree with either proposition, I respectfully dissent.

### BACKGROUND

Appellant was indicted for forgery. On October 11, 1989, appellant pleaded guilty pursuant to a negotiated plea bargain with the State and was placed on three years' deferred adjudication probation. On June 20, 1991, the State filed a motion to proceed with an adjudication of guilt, alleging appellant had violated the terms of his probation. The trial judge held a hearing on the State's motion on July 18, 1991. At the conclusion of the hearing, the trial judge found the allegations in the State's motion true, found appellant guilty of the underlying offense, and assessed punishment at ten years' confinement and a $500 fine.

Appellant filed a notice of appeal on August 15, 1991. In his notice of appeal, appellant claimed he was indigent and asked the trial judge to order the court reporter to

prepare a statement of facts. The notice of appeal included a certificate of service, stating that a copy of the notice and request for statement of facts was sent to the court reporter.

When no brief was filed within the time allowed, this Court ordered the trial judge to conduct a hearing to determine why no brief had been filed and whether appellant was indigent and wanted to pursue his appeal. Pursuant to that order, the trial judge held a hearing and determined that appellant was indigent and wanted to pursue his appeal. The trial judge further found that the record in the cause was incomplete because the original plea hearing had not yet been transcribed.

In June 1996, the official court reporter filed an affidavit with this Court stating that he had been unable to locate the court reporter who had recorded appellant's plea proceeding. Six weeks later, appellant filed a brief asserting he had been denied a statement of facts through no fault of his own. We then ordered a hearing to determine whether the statement of facts was available. After holding a hearing, the trial judge found: (1) the court reporter's notes and records from the October 11, 1989 hearing were not available; (2) the missing portion of the statement of facts had been lost or destroyed; (3) appellant was not at fault for the loss of the statement of facts; and (4) the parties could not agree on a statement of facts. On October 25, 1996, this Court adopted the trial court's findings and set this cause for submission on January 2, 1997.

### JURISDICTION

In his sole point of error, appellant contends we must reverse his conviction because the statement of facts from the October 1989 plea hearing has been lost or destroyed through no fault of his own. The State responds that we need not reverse on this point because appellant failed to comply with rule 50(e) by (1) making a timely request to the

1. Although an appellant who files a motion for new trial is allowed ninety days to file a notice of appeal and request for the record, no timely motion for new trial was filed in this case. Accordingly, I limit my discussion to the thirty-day period for filing a timely appeal and a request for the record.

court reporter for the statement of facts, or (2) using due diligence to secure a complete statement of facts. Although the State does not contest our jurisdiction over this appeal, the majority claims we lack jurisdiction because appellant filed an untimely notice of appeal that does not comply with rule 40(b)(1).[2] For the following reasons, I cannot agree with the majority's conclusions.

## Rule 40(b)(1)

The majority concludes we lack jurisdiction over this appeal even though appellant complied with the requirements for obtaining a record. The majority bases its decision, in part, on the limitations prescribed by rule 40(b)(1). While I agree that appellant is required to comply with rule 40(b)(1) unless he intends to appeal jurisdictional defects or the voluntariness of his guilty plea, see Flowers v. State, 935 S.W.2d 131, 133 (Tex.Crim. App.1996), I believe he must first have a record to review to determine whether any such error exists. Rather than interpret one rule of procedure in isolation as the majority has, I believe it is necessary to look at the framework of the rules as a whole.

Under rule 50(a) of the rules of appellate procedure, the record on appeal consists of the transcript and, where necessary, the statement of facts. TEX.R.APP. P. 50(a). Under rule 50(d), the burden is on the appellant to ensure that a sufficient record is presented to the appellate court to show error requiring reversal. See TEX.R.APP. P. 50(d). However, if the record or any portion of the record is lost or destroyed and the appellant is not at fault, he is entitled to a reversal. See TEX.R.APP. P. 50(e). To obtain a new trial, an appellant must show (1) the court reporter's notes and records have been lost or destroyed through no fault of the appellant; and (2) the appellant made a timely request for a statement of facts. See TEX. R.APP. P. 50(e), Melendez v. State, 936 S.W.2d 287, 295 (Tex.Crim.App.1996).

Rule 53 governs the statement of facts on appeal. This rule requires an appellant to make a timely request to the court reporter and file that request with the trial court clerk. See TEX.R.APP. P. 53(a). A timely request is one made in writing on or at the time prescribed for perfecting the appeal. See TEX.R.APP. P. 53(a). If an appellant is unable to pay for the statement of facts, he must file a motion and affidavit asserting his indigence with the trial court. TEX.R.APP. P. 53(j)(2). Once the trial judge finds the appellant indigent, rule 53 requires (1) the trial court to order the court reporter to prepare the statement of facts and (2) the county to pay the costs. TEX.R.APP. P. 53(j)(2).

Rule 53 does not limit the right to a free statement of facts to only those appellants who first file a notice of appeal complying with rule 40(b)(1). See TEX.R.APP. P. 53. Rather, the rule contemplates that when an appellant files a notice of appeal, he will have at his disposal a transcript and a statement of facts to review for any potential grounds of error. The intent of the rule seems obvious—to prevent an indigent appellant from being denied a right to adequate review on appeal simply because he is unable to pay for a record. In my view, the right to a statement of facts is a condition precedent to an appeal just as voluntariness is a condition precedent to a guilty plea. See Flowers, 935 S.W.2d at 134 (holding appealability of voluntariness not dependent on following rule 40(b)(1) requirements); see also Moss v. State, 938 S.W.2d 186, 189 (Tex. App.—Austin 1997, pet. ref'd) (holding that although appellant filed general notice of appeal after adjudication of guilt, court of appeals had jurisdiction over appeal when appellant challenged voluntariness of plea).

I find support for my conclusion in a recent opinion by the Texas Court of Criminal Appeals. See Gray v. State, 928 S.W.2d 561 (Tex.Crim.App.1996). In Gray, the court addressed the merits of the appellants' complaints that they were deprived a statement of facts without mentioning, much less concluding, that rule 40(b)(1) barred the appeal. See Gray, 928 S.W.2d at 561. In that case,

---

**2.** The State did not raise these jurisdictional arguments on appeal. Nevertheless, the majority *sua sponte* raises these arguments and resolves each in favor of the State without the benefit of briefing or argument. With this understanding, I will address the arguments raised by the State as well as those raised by the majority.

the court addressed two opinions out of this Court.[3] The appellants in both those cases, Gray and Hickerson, filed form notices of appeal similar to the one used in this case. As in this case, both Gray and Hickerson were convicted as a result of negotiated plea bargains. Like this appellant, each brought a single point of error complaining about the denial of a statement of facts on appeal. *See Gray*, 928 S.W.2d at 561–62.

On original submission, this Court affirmed both convictions because the appellants had not exercised due diligence in asserting their indigency claims. *Gray*, 928 S.W.2d at 562. The court of criminal appeals vacated our judgment, however, and ordered hearings in the trial court to determine the appellants' indigency. *Gray*, 928 S.W.2d at 562–63. The court of criminal appeals did not state, nor did it even suggest, that either appeal was barred on jurisdictional or procedural grounds. *Gray*, 928 S.W.2d at 562–63; *see Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.—Dallas 1994, no pet.). Because the appellants in *Gray* were allowed to raise a complaint similar to the one raised here despite the absence of a specific notice of appeal under rule 40(b)(1), I would conclude that appellant's point of error is not jurisdictionally barred. While appellant may be limited in the type of error he can bring, he should not, as the majority holds, be barred from appealing the denial of the statement of facts when, through no fault of his own, he is deprived of the very record he seeks to review. Accordingly, I would conclude we have jurisdiction to address appellant's point of error.

## Untimely Notice of Appeal

Alternatively, the majority contends we do not have jurisdiction because appellant failed to file a timely notice of appeal. According to the majority, appellant's right to appeal from the October 11, 1989 hearing arose on October 11, 1989 and expired thirty days later, or November 10, 1989. Under the

majority's opinion, any appellant who receives deferred adjudication probation pursuant to a negotiated plea bargain with the State must, within thirty days of the date of the order placing him on probation, file a notice of appeal and a request for a statement of facts and transcript. Failure to do so, according to the majority, bars the appellant from appealing any error or defect stemming from the original plea hearing. Again, I disagree.

Under the law currently in effect, a defendant placed on deferred adjudication probation may appeal the order placing him on probation even though he has not yet been adjudicated guilty. *See Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App.1997) (interpreting article 44.01(j) of code of criminal procedure to allow unadjudicated defendants who plead guilty pursuant to negotiated plea bargain to appeal with trial court's permission or rulings on pretrial motions); *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996); *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App.1991). Nevertheless, Texas courts have routinely allowed appellants to raise complaints regarding the original plea hearing even after final adjudication of guilt. *See, e.g., Brown v. State*, 943 S.W.2d 35 (Tex.Crim.App.1997) (addressing merits of voluntariness of appellant's original plea in spite of fact appellant filed appeal *after* adjudication of guilt in deferred adjudication probation case); *Moss*, 938 S.W.2d at 190–91 (addressing merits of voluntariness of original plea in spite of fact appellant filed appeal *after* adjudication of guilt in deferred adjudication probation case); *Joyner v. State*, 882 S.W.2d 59, 60 (Tex.App.—Houston [14th Dist.] 1994), *aff'd*, 921 S.W.2d 234 (Tex.Crim. App.1996) (holding appellant may appeal original plea hearing, including voluntariness of plea, *after* adjudication of guilt); *Brown v. State*, 896 S.W.2d 327, 328 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (holding appellant may appeal original plea hearing, including voluntariness of plea, *after* adjudication

**3.** *See Hickerson v. State*, 05–92–00423–CR, slip op. at 1–2, 1994 WL 263355 (Tex.App.—Dallas June 3, 1994) (per curiam on petition for discretionary review) (not designated for publication), *rev'd*, 928 S.W.2d 561 (Tex.Crim.App.1996); *Gray v. State*, 05–92–01307–CR, slip op. at 1, 1994

WL 236284 (Tex.App.—Dallas June 1, 1994) (per curiam on petition for discretionary review) (not designated for publication), *rev'd*, 928 S.W.2d 561 (Tex.Crim.App.1996). I cite these cases for factual background purposes only. *See* Tex. R.App. P. 90(i).

of guilt). The reason these appeals have traditionally been allowed is that the code of criminal procedure specifically states that "all proceedings, including . . . defendant's appeal continue as if the adjudication of guilt had not been deferred." *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 1997). If all proceedings, including the appeal, continue as if the adjudication of guilt had not been deferred, then there is nothing to bar the appellant from complaining about errors during the original plea hearing. As I see it, the majority's holding to the contrary renders this portion of the code of criminal procedure meaningless. I would decline to reach such a sweeping conclusion without the benefit of briefing and a more thoughtful analysis by the majority.

In this case, appellant was adjudicated guilty on July 18, 1991 and filed a notice of appeal on August 15, 1991. Because appellant filed his notice of appeal within thirty days of the date he was adjudicated guilty, I would conclude appellant's notice of appeal was timely. *See* TEX.R.APP. P. 41(b)(1). I would conclude we have jurisdiction over appellant's appeal and would address his complaint regarding the lack of a statement of facts from the October 1989 plea hearing.

## MERITS OF APPEAL

The State argues appellant is not entitled to a reversal because he failed to show he (1) made a timely request to the court reporter for the statement of facts, and (2) used due diligence to secure a complete statement of facts. *See* TEX.R.APP. P. 50(e). I disagree. The trial judge adjudicated guilt and sentenced appellant on July 18, 1991. The transcript contains appellant's notice of appeal dated August 15, 1991 which includes a designation of record, request for the statement of facts, and a certificate of service indicating that "[t]rue and correct copies of [the designation and request for a record] were served by mail or hand delivery to [the] court reporter." Thus, the record contains evidence that appellant filed his notice of appeal and request for the statement of facts eighteen days after the date he was adjudicated guilty. Because appellant requested the statement of facts "at the time prescribed for perfecting

the appeal," *see* TEX.R.APP. P. 53(a), I would conclude appellant met his burden under rule 53(a) of timely requesting a statement of facts. *See* TEX.R.APP. P. 53(a).

Next, the State argues appellant failed to show (1) the court reporter's notes or records were lost or destroyed through no fault of his own, and (2) he exercised due diligence to secure the statement of facts. I disagree. Appellant timely requested the statement of facts at the time he filed his notice of appeal. When the court reporter failed to transcribe the statement of facts from the October 1989 hearing, appellant filed numerous motions to extend time to file the statement of facts. Eventually, this Court ordered the court reporter of the Criminal District Court No. 2, Paul Bastas, to transcribe the statement of facts. In response to our order, Bastas filed an affidavit with this Court, stating that (1) Lynn Bartholomew was the acting official court reporter on October 11, 1989, and (2) Bastas had tried to notify Bartholomew that the statement of facts needed to be transcribed but was unable to locate her. We then ordered a hearing to determine (1) the accuracy of Bastas's affidavit, and (2) whether the statement of facts had, in fact, been lost or destroyed, and if so, whether (i) appellant was at fault for the loss, and (ii) the parties could agree on a statement of facts. On October 1, 1996, following a hearing, the trial judge made the following findings:

(I) A hearing was held on October 11, 1989, and the court reporter who recorded that hearing was Lynn Bartholomew.

(II) The court reporter's notes from the October 11, 1989 hearing are not available.

(III) The notes from the October 11, 1989 are not available, and (1) the missing portion of the statement of facts has been lost or destroyed, (2) appellant is not at fault for the loss of the statement of facts, and (3) the parties cannot agree on a statement of facts.

This Court adopted those findings on October 25, 1996. Because the record contains the trial judge's findings as well as evidence that appellant timely requested the statement of facts, I would conclude the State's arguments lack merit. *See Melendez,* 936 S.W.2d at 295–96. Appellant is entitled to a

new trial under rule 50(e). Accordingly, I would reverse the trial court's judgment and remand this cause for a new trial.