# NO. 12-12-00278-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DANNY DALE WEISINGER, SR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Danny Dale Weisinger, Sr. seeks an order directing the presiding judge of the 349th Judicial District Court of Houston County, Texas, to "re-appoint counsel for Relator's DNA ANALYSIS as previously appointed by the trial court, . . . [after] appointed counsel was allowed to withdraw from Relator's direct appeal. Alterna[te] counsel was not appointed." The respondent is the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court, Houston County, Texas. The Honorable Jim Parsons was the judge of that court during the times pertinent to this proceeding. We deny the petition.

## BACKGROUND

Relator was convicted of aggravated assault and sentenced to imprisonment for twenty years. He filed a timely notice of appeal, and was represented on appeal by appointed counsel.[1]

During the pendency of his appeal, on November 12, 2003, Relator filed a pro se motion in which he requested appointment of counsel to assist him in obtaining an order for DNA testing pursuant to Texas Code of Criminal Procedure, Article 64.01 (the 64.01 motion). He alleged that he wanted to submit a motion for DNA testing under Texas Code of Criminal Procedure, Chapter

---

[1] This court affirmed Relator's conviction on January 12, 2005. *See generally* **Weisinger v. State**, No. 12-03-00274-CR, 2004 WL 3103643 (Tex. App.–Tyler Jan. 12, 2005, pet. ref'd).

64, and that he was indigent. He also identified certain evidence that he wanted preserved and tested.

Approximately two months later, Relator requested a hearing to inform the trial court of his misconduct claims against his appellate attorney. On February 13, 2004, the trial court conducted the requested hearing. After hearing from both Relator and his attorney, Judge Parsons permitted counsel to withdraw because of a "potential conflict with regard to [Relator's] allegation on counsel. . . ." He also informed Relator that another attorney would be appointed to represent him. Relator's attorney asked if the court wanted to appoint an attorney "also for the DNA," to which Judge Parsons replied, "They'll handle both issues." After hearing additional comments from counsel, Judge Parsons informed Relator that "I'm going to appoint you another attorney. I haven't decided yet who. The attorney will represent you both on appeal, and the attorney will similarly represent you with regard to your DNA issue."

After two more months, Relator's new appellate attorney was also permitted to withdraw because of Relator's complaints about him. Judge Parsons did not appoint another attorney, and Relator continued his appeal pro se. Judge Parsons' failure to "re-appoint" an attorney for the DNA matter is the focus of this proceeding.[2]

### PREREQUISITES TO MANDAMUS

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, Nos. AP-76,953, AP-76,954, 2013 WL 163460, at *3 (Tex. Crim. App. Jan. 16, 2013) (orig. proceeding). With respect to the "no adequate remedy at law" requirement, a remedy at law may technically exist, but "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Id*. The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Id*. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id*. This means that the merits are beyond dispute and nothing is left to the exercise of discretion or judgment. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).

---

[2] Due, in large part, to Relator's well documented difficulty in obtaining the pertinent portion of the reporter's record, his petition for writ of mandamus was filed in this court more than eight years later.

It is a relator's burden to properly request and show entitlement to mandamus relief. ***Barnes v. State***, 632 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

**AVAILABILITY OF MANDAMUS**

A "convicted person" is entitled to counsel during a proceeding under Texas Code of Criminal Procedure, Chapter 64 (Motion for Forensic DNA Testing), if the person informs the court that he wishes to submit a motion under Chapter 64, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.[3] TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2012). Relator contends that he is entitled to mandamus relief because the trial court had previously appointed counsel to assist him with his appeal and his motion for DNA testing, allowed his appointed attorney to withdraw, and failed to appoint another attorney. Thus, he implicitly contends that the trial court's failure to appoint another attorney was an abuse of discretion for which he has no adequate remedy by appeal. Before we proceed further, however, we point out other relevant events, that occurred after the February 13, 2004 hearing.

**Events After February 13, 2004**

As explained above, Judge Parsons orally announced at the February 13, 2004 hearing that he would appoint an attorney to represent Relator in his appeal and "handle" the DNA issue. Relator's new attorney was notified of his appointment by a document entitled "Order Relating to Indigency and Appointment of Counsel," which was signed by a person identified as the assistant counsel coordinator. The document includes a notation that the attorney is appointed in "district court # 03 CR035 – Appeal," but does not include a reference to the DNA issue. A copy of this order was mailed to Relator by certified mail. Relator admits in his mandamus petition that his new attorney was never informed that he was to represent Relator in the DNA matter.

On April 21, 2004, Relator's new attorney filed a motion to withdraw, alleging that Relator desired to proceed pro se. Relator filed a document entitled "Court Setting RQ," in

---

[3] The portion of Article 64.01(c) that pertains to this case has remained unchanged since its enactment in 2003. *Compare* Act of May 9, 2003, 78th Leg., R.S., ch. 13, 2003 Tex. Gen. Laws 16, *with* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2012). Accordingly, we cite to the current version of the statute.

which he complained about his new attorney and asked the trial court to allow "hybrid representation."

At a hearing on the motion to withdraw, conducted on May 3, 2004, Relator complained that counsel did not agree with him about what issues should be raised on appeal. Judge Parsons gave Relator a choice: "either keep [your new attorney] or you can represent yourself, but I'm not going to direct his representation of you. I know him to be an excellent attorney, well versed in these issues, so you either abide by his opinion or you represent yourself. Your choice." Relator replied that he would represent himself, but declined to sign a waiver of counsel. Relator's attorney was permitted to withdraw. However, Relator's 64.01 motion was not mentioned.

On December 15, 2004, Relator, appearing pro se, filed a document entitled "Motion to 'Reconsider' Said Motion for (DNA) Testing Pursuant to Article 64, Code of Criminal Procedure." In this motion, Relator requested appointment of counsel to assist him in filing a DNA motion. He alleged that "the above 'motion [for appointment of counsel]' has been submitted twice before in the district court, 349th Judicial District, Houston County[.] However, the motion had been denied and simply disregarded."

On January 28, 2005, Relator filed a "Motion Requesting Ruling on DNA Testing of Alleged Weapon and Motion to Preserve Evidence." In this motion, he alleged in part that "Appellant has requested DNA testing, fingerprints, tissue [etc.] ever since the trial days, but has been denied this due process right!" He specifically referred to the motion he filed on December 15, 2004, which included a request for appointment of counsel, and asked that "the Honorable Court will accept the error and grant the motions at rest[.]" On February 7, 2005, Judge Parsons made a handwritten notation on the January 28 motion that it was "denied."

**Analysis**

Initially, we note that we do not consider arguments in a petition for writ of mandamus that were not presented to the trial court. *See, e.g., **In re Am. Optical Corp.***, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam); ***In re Pallm***, No. 12-11-00376-CR, 2011 WL 6091791, at *1 (Tex. App.–Tyler Dec. 7, 2011, orig. proceeding) (mem. op., not designated for publication).

Here, Relator complains that Judge Parsons appointed an attorney to represent him in connection with his DNA motion, allowed that attorney to withdraw, and never appointed

4

another attorney. However, the record does not reflect that Relator asked Judge Parsons to appoint another attorney for the DNA matter on the ground that the previously appointed attorney had been allowed to withdraw. In fact, after the February 13, 2004 hearing, Relator did not mention the DNA issue again until his December 15, 2004 motion for reconsideration. In that motion, Relator requested the appointment of counsel to assist him in filing a DNA motion. alleging that "the above 'motion [for appointment of counsel]' had been denied and simply disregarded." Nothing in that motion, or in any other portion of the record before us, informed Judge Parsons of the complaint Relator makes here.[4] Because the specific argument Relator makes here was not first made in the trial court, we do not address it. *See **In re Am. Optical Corp.**, 988 S.W.2d at 714; **In re Pallm**, No. 12-11-00376-CR, 2011 WL 6091791, at \*1. Therefore, we do not reach the merits of Relator's petition.

Additionally, a mandamus petition must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities. . . ." TEX. R. APP. P. 52.3(h). Relator's petition does not meet this standard. More particularly, Relator focuses on Judge Parson's oral pronouncement alone. But to establish that "re-appoint[ing]" another attorney was a ministerial act, Relator must show that the oral pronouncement controls over the subsequent written denial of his 64.01 motion. *See **Eubanks v. State**, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980) ("The written order of the court controls over an oral announcement."); *but see **Coffey v. State**, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). But he has not attempted to make any such showing. Therefore, even if we could address his argument, he could not satisfy the ministerial act requirement that is a prerequisite to mandamus.

## CONCLUSION

We cannot consider Relator's sole argument to support his request for mandamus relief because he failed to present that argument in the trial court. Alternatively, Relator has not

---

[4] This omission is particularly important in this case because, on the referenced dates, the record did not contain any reference to Judge Parsons' oral pronouncement. Specifically, there was no docket sheet notation, no written order memorializing the oral pronouncement, no reporter's record of the February 13, 2004 hearing, and no notice to Relator's new attorney concerning the DNA issue.

5

satisfied the ministerial act requirement that is a prerequisite to mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

We grant Relator's motion requesting that we take judicial notice of our records for purposes of this proceeding. *See **Fletcher v. State***, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) (quoting ***Turner v. State***, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). All other pending motions are dismissed as moot.


<u>**SAM GRIFFITH**</u>
Justice


Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-12-00028-CR**

**DANNY DALE WEISINGER, SR.,**
Relator
v.
**HON. PAM FLETCHER**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DANNY DALE WEISINGER, SR.,** who is the relator in Cause No. 03CR035, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on August 27, 2012, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*