**Opinion issued July 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00442-CR**

———————————

**BRENT ANTHONY SCHUTTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1743144**

---

**MEMORANDUM OPINION**

Appellant Brent Anthony Schutter pleaded guilty to the offense of aggravated assault. *See* TEX. PENAL CODE § 22.02. Consistent with a plea agreement, the trial court deferred a finding of guilt and placed Schutter on deferred adjudication community supervision for eight years. The State later moved to adjudicate guilt,

alleging that Schutter had violated certain conditions of his community supervision. After a hearing on the State's motion, the trial court revoked Schutter's community supervision, adjudicated him guilty of aggravated assault, and assessed his punishment at four years in prison. In three issues, Schutter contends that the trial court abused its discretion in revoking his community supervision and adjudicating his guilt (issues one and two), and he asserts that the trial court's judgment should be reformed to delete a violation identified in the judgment because it conflicts with the trial court's oral pronouncement at the adjudication hearing (issue three).

We affirm.

## Background

Schutter was indicted for the offense of second-degree aggravated assault. Schutter pleaded guilty to the offense, and the trial court signed an order of deferred adjudication placing Schutter on community supervision for eight years. The State twice moved to adjudicate Schutter's guilt but then successfully moved to dismiss the motions after the conditions of Schutter's community supervision were amended.

Several months later, the State filed a third motion to adjudicate Schutter's guilt. The State alleged that Schutter had violated five conditions of his community supervision by (1) failing to report "as directed" to his community supervision officer for three different months; (2) failing to remain in Harris County, Texas by traveling to Florida without the trial court's permission; (3) failing to make any

2

restitution payments as ordered, resulting in a $225 arrearage; (4) failing to participate in a domestic violence treatment program, "specifically [the] Batterer Intervention Prevention Program (BIPP)"; and (5) failing to obtain a GPS device for electronic monitoring.

At the hearing on the motion, the trial court judicially noticed the order of deferred adjudication, including the terms and conditions of Schutter's community supervision. The State offered the testimony of Y. Hall, Schutter's community supervision officer, to support its allegations that Schutter had violated the five cited conditions of his community supervision.

Hall testified that the community supervision conditions required Schutter to report to his community supervision officer "as directed." Hall stated that there were three months that Schutter failed to report. But, on cross-examination, Hall acknowledged that Schutter was in jail for one of those months.

Hall also testified that Schutter was not permitted to leave Harris County or "or any counties directly touching Harris County." Hall stated that Schutter had failed to comply with this condition because, three months before the hearing, Hall "traveled to Pensacola, Florida, without the Court's approval." Hall testified that he "found out" Schutter traveled to Florida "after [Schutter] had made it to Pensacola." When asked how he found out about Schutter's travel, Hall responded, "I found out through him and through his sister." Hall confirmed that was "after the fact,"

3

meaning after Schutter had gone to Florida. And Hall confirmed that Schutter never notified him that he planned to travel to Florida before he went there.

On cross-examination, the defense asked Hall, "Is it your testimony that Mr. Schutter and his family notified you that they were in Pensacola—that he was in Pensacola, Florida?" Hall answered, "He did notify me. Yes, he did." Hall testified that he and the court liaison officer notified Schutter that he was required to return to Houston, but Schutter did not immediately return. Hall testified that, before Schutter returned, the motion to adjudicate was filed. When he returned, Schutter stopped by Hall's office "to let [him] know he was turning himself in" to the processing center for the county jail. He stated that, when he checked the next day, Schutter had turned himself in.

Hall further testified that a condition of Schutter's community supervision required him "to pay a $1,000 restitution at a rate of $15 per month." He stated that Schutter never made no restitution payments and was in "$255 in arrears."

In addition, Hall confirmed that Schutter was required "to participate in a domestic violence treatment program better known as BIPP." Hall testified that he had "not received notification that [Schutter] ha[d] enrolled in the program." Finally, Hall testified that Schutter had not obtained a GPS monitoring device as required.

Following closing arguments, the trial court found "the allegations in the State's Motion to Adjudicate to be true." Addressing each allegation, the trial court

4

noted that Schutter had failed to report to his community supervision officer at least two of the three months alleged. The trial court also observed that Schutter "went to a whole different state without permission from the Court" and that Schutter "indicate[d] that he was in that other state, but it took him two weeks to come back when they told him to come back." The trial court remarked that it "really [did] not care about the restitution portion of it." The court observed that Schutter had not taken steps to participate in the domestic violence treatment program, BIPP, and stated that it was "not as concerned with the GPS [violation]." After some discussion with the attorneys, the trial court stated that there were "very minimal things you can do while on probation. One of them is to report, and one of them is to not leave Harris County; and he's done both of those." The trial court stated that, "[f]or those reasons," it "sentence[d] [Schutter] to four years in the Texas Department of Correction."

In its judgment adjudicating guilt, the trial court found that Schutter had violated the conditions of his community supervision by (1) failing to report to his community supervision officer, (2) "failing to remain in a specified place, to wit: Harris County," and (3) "failing to pay restitution."

This appeal followed. Schutter raises three issues on appeal.

**Motion to Adjudicate**

In his first two appellate issues, Schutter contends that the trial court abused its discretion in revoking his deferred adjudication community supervision and adjudicating his guilt.

## A. Standard of Review and Governing Law

We review a trial court's decision to proceed to an adjudication of guilt and to revoke deferred-adjudication community supervision under the same standard as a revocation of regular community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.108(b). The State must prove by a preponderance of the evidence that the person on community supervision violated a term of his supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The State meets this standard when the "greater weight of the credible evidence [creates] a reasonable belief that the defendant violated a condition of his community supervision." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

"Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision." *Bell v. State*, 554 S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (citing *Rickels*, 202 S.W.3d at 763; *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex.

App.—Houston [1st Dist.] 2010, pet. ref'd)). A single violation will support the trial court's decision to revoke community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). We view the evidence in the light most favorable to the trial court's order. *Bell*, 554 S.W.3d at 746 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)). As the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Id.* (citing *Garrett*, 619 S.W.2d at 174; *Armstrong v. State*, 82 S.W.3d 444, 448 (Tex. App.—Austin 2002, pet. ref'd)).

**B.    Analysis**

Because it is dispositive, we begin with issue two in which Schutter asserts that the trial court abused its discretion in revoking his community supervision and adjudicating his guilt based on its determination that Schutter violated the seventh condition of his community supervision. That condition required Schutter to "[r]emain within Harris County, Texas or any counties directly touching Harris County, Texas . . . unless [he] receive[d] prior written permission from the Court through [his] Community Supervision Officer."

On appeal, Schutter focuses on Hall's testimony that he "found out" that Schutter was in Florida from Schutter and his sister. He argues that Hall's testimony

7

cannot support the trial court's determination that Schutter violated the seventh condition because it was "hearsay" and "a bare assertion unsupported by any other testimony about when or how it was communicated." Schutter asserts that the State did not "elicit the proper foundation to authenticate the means by which officer Hall 'found out' about [Schutter's] alleged travel to Florida." Schutter contends that "[t]here [was] no way to know where or how Officer Hall 'found out' this information because the State failed to prove up that evidence."

To preserve a complaint about the admission of evidence for appellate review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1)(A); *see Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (explaining that, if on appeal, "a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection"). Here, Schutter did not object to Hall's testimony on hearsay grounds or on the ground that it lacked a proper foundation. Thus, to the extent that he now complains that Hall's testimony was inadmissible on those grounds, Schutter has not preserved that complaint on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Martinez*, 98 S.W.3d at 193.

Admissibility aside, Schutter challenges the evidentiary strength of Hall's complained-of testimony. Schutter argues that the trial court abused its discretion in

8

determining that he violated the seventh condition because Hall's testimony that he "found out" that Schutter was in Florida was insufficient to support that determination.[1] But, in making this argument, Schutter does not recognize Hall's other testimony relevant to the violation. Hall's testimony showed that, before Schutter went to Florida, Hall was familiar with him. Hall testified that he had met with Schutter in his office and communicated with him about his appointments.

Hall testified that he learned that Schutter had gone to Florida after Schutter had already traveled there. He stated that Schutter never sought permission from the trial court before leaving Texas. On cross-examination, the defense asked Hall, "Is it your testimony that Mr. Schutter and his family notified you that . . . he was in Pensacola, Florida," Hall answered, "He did notify me. Yes, he did." Hall testified that he and the court liaison officer notified Schutter that he was required to return

---

[1] We are mindful that, in determining whether the evidence was sufficient to support revoking Schutter's community supervision, we are "permitted to consider all evidence in the trial-court record, whether admissible or inadmissible." *Cunningham v. State*, 673 S.W.3d 280, 286 (Tex. App.—Texarkana 2023, no pet.) (quoting *Velez v. State*, No. 01-13-00337-CR, 2014 WL 4783268, at *2 (Tex. App.—Houston [1st Dist.] Sept. 25, 2014, pet. ref'd) (mem. op., not designated for publication) (in turn quoting *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006)); *see Clifford v. State*, No. 07-16-00260-CR, 2016 WL 6693883, at *3 (Tex. App.—Amarillo Nov. 9, 2016, no pet.) (mem. op., not designated for publication) (determining that inadmissible hearsay admitted without objection at revocation hearing constituted sufficient evidence to support revocation order). Thus, even if Hall's testimony was inadmissible, we consider it in determining whether the evidence was sufficient to support the trial court's revocation of his community supervision and adjudication of his guilt. *See Cunningham*, 673 S.W.3d at 286; *Clifford*, 2016 WL 6693883, at *3; *Velez*, 2014 WL 4783268, at *2.

from Florida to Houston. He stated that, before Schutter returned, the motion to adjudicate was filed. When he returned, Schutter stopped by Hall's office to inform him that he was turning himself in to the processing center for the county jail. Hall stated that, when he checked the next day, Schutter had turned himself in.

Viewing the combined and cumulative force of the evidence in the light most favorable to the ruling, we conclude that the trial court could have reasonably found by a preponderance of the evidence that Schutter violated the seventh condition of his community supervision, which required him to remain in Harris County or a contiguous county unless he received written permission from the trial court. *See Rickels*, 202 S.W.3d at 763; *Garrett*, 619 S.W.2d at 174. Thus, we hold that the trial court did not abuse its discretion in revoking Schutter's community supervision and adjudicating his guilt. *See Rickels*, 202 S.W.3d at 763.

We overrule Schutter's second issue.[2]

---

[2] Because a single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision, we need not address Schutter's first issue challenging the sufficiency of the evidence to support the trial court's finding that he failed to report to his community supervision officer. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *see also* TEX. R. APP. P. 47.1 (providing that "court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (noting that, to prevail on appeal, appellant must successfully challenge all findings that support revocation order).

## Reformation of the Judgment

In his third issue, Schutter contends that the trial court's judgment adjudicating his guilt should be reformed to remove the finding that Schutter violated a condition of his community supervision by failing to pay restitution. Schutter asserts that the finding must be removed because it conflicts with the trial court's oral pronouncement identifying the grounds on which it revoked Schutter's community supervision. He points out that, at the end of the hearing, the trial court stated that it "d[id] not care about the restitution portion of it." He asserts that the remark shows that the trial court did not base the revocation of his community supervision and adjudication of his guilt on his failure to pay restitution. Regardless of whether he correctly interprets the trial court's remark, we disagree with Schutter that the oral statement controls over the written judgment.

It is true that, when there is a conflict between the oral pronouncement of a *sentence* and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). However, such conflict is not present in this case. Instead, applicable here, "when the discrepancy between the oral pronouncement and written judgment involves which terms and conditions of probation were violated, and on the basis of which violations the probation should be revoked and adjudication of guilt should be entered, the written order of the court controls over the oral announcement." *Willis-Webb v. State*, No.

11

01-15-00727-CR, 2016 WL 6277423, at *3 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980)); *see Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("These cases all involved written probation revocation orders based upon grounds which were inconsistent with the oral pronouncement of revocation. The basis for revocation stated in the written order controlled."); *Leal v. State*, No. 03-15-00095-CR, 2015 WL 8604431, at *1 (Tex. App.—Austin Dec. 10, 2015, no pet.) (mem. op., not designated for publication) ("It is well settled that a written order revoking community supervision controls over the oral pronouncement."); *Ex parte Bolivar*, 386 S.W.3d 338, 345–46 (Tex. App.—Corpus Christi 2012, no pet.) ("A written order revoking community supervision controls over an oral pronouncement by the trial judge.").

Given the conflict that Schutter alleges here, the written judgment controls over the trial court's oral statement. *See Coffey*, 979 S.W.2d at 328; *Eubanks*, 599 S.W.2d at 817. Therefore, we reject Schutter's request to reform the judgment.[3] *See*

---

[3] The failure-to-pay-restitution finding in the judgment also supports the trial court's revocation of Schutter's community supervision and adjudication of his guilt. *See Garcia*, 387 S.W.3d at 26; *Moore*, 605 S.W.2d at 926. We note that, related to this finding, Schutter asserts in his brief that "the State presented zero testimony or argument regarding the victim's financial resources or expenses." However, other than that single sentence, Schutter offered no argument or citation to authority to challenge the sufficiency of the finding. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

*Simon v. State*, No. 14-18-00978-CR, 2020 WL 1528107, at \*5 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op., not designated for publication) (declining State's request to reform trial court's judgment by adding violation orally found by trial court but not included in judgment).

We overrule Schutter's third issue.

### Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish.  TEX. R. APP. P. 47.2(b).