**AFFIRMED as MODIFIED and Opinion Filed September 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00848-CR**

**No. 05-22-00849-CR**

**LADARYL JEWAYNE FISHER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-55489-S and F21-55488-S**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Appellant Ladaryl Jewayne Fisher was convicted by a jury of two counts, charged in separate indictments, of aggravated assault family violence causing serious bodily injury with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1)(A). One was for the aggravated assault of his wife,[1] and the other was for the aggravated assault of her eighteen-year-old son.[2] After finding the State's

---

[1] Trial Court Cause No. F21-55488-S; Appellate Court Cause No. 05-22-00849-CR.

[2] Trial Court Cause No. F21-55489-S; Appellate Court Cause No. 05-22-00848-CR.

punishment-enhancement allegations true, the trial court assessed Fisher's punishment at thirty-five years' confinement for each offense and ordered the sentences to run concurrently. In three issues, Fisher challenges the trial court's imposition of costs against him and argues that the trial court violated his common law right to allocution. For the reasons discussed below, we affirm Fisher's judgments of conviction as modified herein.

## Court Costs

In Fisher's first issue, he argues that the trial court's judgments violate the express terms of article 102.073 of the code of criminal procedure because the judgments assess costs against him in both cases despite the fact that the judgments of conviction arose from a single criminal action. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The State agrees, as do we, that court costs should be assessed only once against Fisher.

Fisher argues in his second issue, however, that the trial court's judgments must be reformed or modified to show that he owes "absolutely no courts costs whatsoever" because the trial court announced it was waiving his costs when it sentenced him. The State responds that, as to costs, the written judgment controls over the oral pronouncement but, even if it did not, the trial court does not have authority to waive costs altogether. The State contends that the court must always impose costs, and those costs remain part of the judgment, although the court does have authority to waive payment of court costs for an indigent defendant.

At the conclusion of the punishment phase, on July 21, 2022, the trial court asked Fisher if his financial status had changed since he was appointed counsel. After Fisher responded no, the trial court pronounced, "Pursuant to Article 42.15 of the Texas Code of Criminal Procedure, I'm gonna waive your court costs." Initially, the judgment (the July 21, 2022 "Judgment of Conviction by Jury") in each case provided: "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fine, court costs, and restitution, if any, as indicated above." The judgments also originally provided, "Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due." And, in each case, Fisher was assessed $340 in court costs, as was reflected in the initial bills of costs and judgments.

Article 42.15 provides that the trial court shall inquire during or immediately after sentencing as to whether the defendant has sufficient resources to immediately pay the court costs assessed against him. TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). The legislature amended article 42.15(a-1) in 2021 to require that the inquiry occur "on the record." *See* Act of May 24, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 Tex. Sess. Law Serv. Ch. 106 (S.B. 1373). The amendment became effective September 1, 2021. *See* Act of May 24, 2021, 87th Leg., R.S., ch. 106, § 6, 2021 Tex. Sess. Law Serv. Ch. 106 (S.B. 1373). If the court determines that the

–3–

defendant does not have sufficient resources to pay costs, the court shall determine whether the costs should be (1) required to be paid at a later date or in designated intervals, (2) discharged by performing community service if applicable, (3) waived in full or in part under article 43.091 or 45.0491,[3] or (4) satisfied by any combination of the three. TEX. CODE CRIM. PROC. art. 42.15(a-1). Article 43.091 provides that the trial court may waive payment of costs if the court determines that the defendant is indigent. *See id.* art. 43.091(c)(1).

Concerned with whether the trial court's ruling was to waive costs as reflected in its oral pronouncement or impose costs as reflected in the initial judgments of conviction and bills of costs, we abated these cases on June 20, 2024, so that the trial court could clarify which action it intended. We ordered the trial court to conduct a hearing and to prepare written findings and, if necessary, judgments nunc pro tunc and corrected bills of costs. The trial court conducted the hearing on August 26, 2024, and supplemental records were filed by both the district clerk's office and the court reporter, which included a transcript of the hearing, written findings by the trial court, judgments nunc pro tunc, and corrected bills of costs.

The trial court found that its oral pronouncement waiving Fisher's costs reflected its required inquiry under article 42.15 and its ruling that court costs should be waived in full. The trial court further found that the initial judgments and bills of

---

[3] Article 45.0491 applies to municipal and justice courts and is substantively the same as article 43.091. *Compare* TEX. CODE CRIM. PROC. art. 45.0491 *with* TEX. CODE CRIM. PROC. art. 43.091.

–4–

costs were incorrect and ordered the district clerk to prepare judgments nunc pro tunc and corrected bills of costs reflecting that payment of court costs were waived. The judgments nunc pro tunc provide as follows:

**NUNC PRO TUNC**

ON THIS THE **4TH DAY OF SEPTEMBER, 2024** IT APPEARING TO THE COURT THAT THE JUDGMENT IS INCORRECT.

**IT IS THEREFORE, ORDERED ADJUDGED AND DECREED** BY THE COURT THAT, THE JUDGMENT BE CORRECTED AND THE SAME IS HEREBY GRANTED, AND SAID JUDGMENT IN THE ABOVE NUMBERED CAUSE IS HEREBY AMENDED TO READ THAT **COURT COST WAIVED**.

Additionally, the corrected bills of costs assess certain costs against Fisher, although now in a different amount ($355) than initially assessed ($340), and provide that there is no remaining amount due.

On June 28, 2024, while the appeals were abated, the State filed a motion to rescind the abatement order arguing that rule 44.4 of the Texas Rules of Appellate Procedure did not apply despite the conflict in the record and that the practical effect of the abatement order would not correct an error preventing proper presentation of the record because this Court would still have to resolve the same issues. *See* TEX. R. APP. P. 44.4 (titled, "Remediable Error of the Trial Court"). The State also maintained its argument that the written judgments should control on the issue of costs and alerted this Court that it would be required to file a brief raising a cross-issue if the trial court entered judgments nunc pro tunc deleting costs. After we reinstated these appeals, we dismissed the State's motion as moot. However, we will address the State's arguments as raised in its response brief regarding whether

the written judgment should have controlled and whether it is the assessment or the payment of costs that should be waived.

We agree with the State that court costs are not punitive and need not be included in the oral pronouncement of a defendant's sentence to be included in the written judgment. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). However, we cannot agree with the State that the written judgment controls over the trial court's oral pronouncement when the trial court complies with a mandatory statute directing the inquiry to occur "on the record," affirmatively exercises its discretion to waive an indigent defendant's payment of courts costs as expressly provided by statute, and orally pronounces on the record that the defendant's costs are waived. *See* TEX. CODE CRIM. PROC. arts. 42.15(a-1) (instructing that, "during or immediately after imposing a sentence," trial court shall inquire "*on the record*" whether defendant has sufficient resources to pay court costs and, if not, determine whether costs should be paid at a later date, discharged by community service, waived in full or part, or satisfied by a combination of those options) (emphasis added), 43.091(c) (providing that a court may waive payment of all or part of the costs imposed on a defendant if the court determines that the defendant is indigent).

The cases the State relies on for support[4] do not squarely address the situation before us, as those cases did not involve a statute that now expressly requires the court to inquire "*on the record*" whether the defendant has sufficient resources to pay costs. *See* Act of May 24, 2021, 87th Leg., R.S., ch. 106, §§ 1, 6, 2021 Tex. Sess. Law Serv. Ch. 106 (S.B. 1373) (amending article 42.15(a-1) to include "on the record"; effective September 1, 2021). It is quite a different scenario to conclude that, when the record is silent, court costs may be included in the written judgment, than to conclude that, when the record expressly addresses court costs on the record as mandated by statute, the written judgment nevertheless controls. This is especially true when "it is universally known that judgments in criminal cases, unlike those in civil cases, are generally prepared by clerks or other personnel, and are not normally submitted to the parties for approval as to form." *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). "Often the parties learn of the judgment's recitations for the first time when the record is examined for appellate

---

[4] *See Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. [Panel Op.] 1980) (in deciding whether the grounds for revocation should be controlled by the written probation revocation orders or the oral pronouncement of revocation, the court concluded that "[t]he written order of the court controls over an oral announcement" and there was no evidence supporting the grounds for revocation stated in the written order); *Hutchinson v. State*, No. 05-92-00155-CR, 1996 WL 272931, at *6 (Tex. App.—Dallas May 21, 1996, pet. ref'd) (not designated for publication) (trial court announced that defendant was to pay all court costs and attorney fees as a term and condition of parole, but appellate court found no error because judgment did not indicate that the costs were assessed as conditions of parole, concluding "[t]he written judgment controls over the judge's oral pronouncement"); *see also Weir*, 278 S.W.3d at 367 ("court costs are not punitive and, therefore, did not have to be included in the oral pronouncement of sentence in this case as a precondition to their inclusion in the trial court's written judgment"); *Simms v. State*, No. 05-08-00921-CR, 2009 WL 806933, at *1 (Tex. App.—Dallas Mar. 30, 2009, no pet.) (not designated for publication) ("Court costs and attorney fees are not a part of the sentence and need not be included in the oral pronouncement of the sentence.").

purposes and after the trial court has lost jurisdiction of the cause." *Id.* As illustrated by the trial court's findings at the abatement hearing, the initial judgments in this case did not accurately reflect the trial court's ruling. Those judgments have now been corrected by the nunc pro tunc judgments, which provide that the original judgments were incorrect and are amended to read that court costs are waived.

The corrected bills of costs also alleviate the State's concern about the ability of the trial court to waive assessment of costs versus payment of costs. The State contends that, "[w]ith respect to court costs that the law mandates, a trial court must always assess, impose, and include those costs in the judgment." "After that, the trial court has discretion on how to handle the defendant's satisfaction of those costs. Even though waiving payment may be practically equivalent to striking them from the judgment, not assessing costs or striking them is not an option provided for by law." Here, the corrected bills of costs assess certain costs against Fisher, noting the total amount of costs assessed and initial amount due as $355. The amount paid and remaining amount due are $0. These totals reflect a waiver of payment, not a waiver of the assessment of costs.

We conclude that the trial court's affirmative pronouncement on the record that it was waiving court costs, which we further conclude meant Fisher's payment of court costs, was the judgment the trial court rendered. Our holding today does not diverge from well-settled law that court costs do not have to be orally pronounced to be included in the written judgment against a criminal defendant, *see*

*Weir*, 278 S.W.3d at 367, nor does our holding conflict with the recent decision by the Texas Court of Criminal Appeals that a defendant can forfeit his right to an on-record inquiry regarding his ability to pay court costs if he does not object during or at the conclusion of the sentencing trial, *see Cruz v. State*, No. PD-0628-23, 2024 WL 4031525, at *1, 3–4, 6 (Tex. Crim. App. Sept. 4, 2024). Because the supplemental records have corrected the initial error, we dismiss Fisher's second issue as moot.

As to Fisher's first issue regarding duplicative costs being assessed against him, we note that the corrected bills of costs continue to assess costs against Fisher in both cases despite the fact that Fisher was tried in a single criminal proceeding. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'" *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). Generally, the cost should be assessed in the case with the highest category offense, *see* TEX. CODE CRIM. PROC. art. 102.073(b), but when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Shuler*, 650 S.W.3d at 690.

Here, Fisher was convicted in the same trial proceeding for two offenses of aggravated assault family violence causing bodily injury with a deadly weapon. Therefore, because the offenses are the same and, thus, the same category of offense, the costs should have been assessed only in Trial Court Cause No. F21-55488-S, the case with the lowest trial court cause number. However, because the judgments nunc pro tunc provide that costs were waived in both cases and the corrected bills of costs show that Fisher's remaining balance is $0, we conclude that it is not necessary to modify the corrected bill of costs in Trial Court Cause No. F21-55489-S to delete the duplicative costs. Thus, Fisher's first issue is likewise dismissed as moot.

### Modification of the Judgments and Judgments Nunc Pro Tunc

Although not raised by either party, we discovered in our review of this case that Fisher's first name was spelled incorrectly in the judgments. This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry*, 813 S.W.2d at 529 ("appellate court may act sua sponte"). Here, the State's original indictments spelled Fisher's first name, "Ladarly"; however, the State subsequently amended the indictments to reflect Fisher's first name as "Ladaryl," switching the "l" and the "y" at the end of his name. The reporter's record also reflects that Fisher's first name is spelled "Ladaryl." Therefore, we modify the judgments by deleting "Ladarly" from the style of each judgment and judgment nunc pro tunc and replacing it with "Ladaryl."

–10–

## Common Law Right to Allocution

In Fisher's third issue, he contends that the trial court violated his common law right to allocution and, thus, he should receive a new punishment hearing.[5] The State responds that Fisher failed to preserve this complaint for appellate review. We agree.

The common law right of allocution refers to "the opportunity for a defendant to present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g) (citing *Green v. United States*, 365 U.S. 301 (1961)); *see also Eisen v. State*, 40 S.W.3d 628, 631–36 (Tex. App.—Waco 2001, pet. ref'd) (discussing meaning and history of right to allocution). Whether a common law right to allocution exists as a separate and broader right than the statutory right codified in 1965 remains answered. *Decker v. State*, No. 05-18-01259-CR, 2020 WL 614100, at *4 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. art. 42.07). Regardless, we have repeatedly held that a defendant must have timely objected to the trial court's denial of his right to allocution to preserve his complaint for appeal. *Albiar v. State*, Nos.

_____

[5] Appellant acknowledges that the trial court complied with his statutory right of allocution by asking whether there was any legal reason why sentence should not be imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (providing that the defendant shall be asked, before the trial court pronounces his sentence, whether there is a reason his sentence cannot be pronounced and providing such reasons are limited to: (1) he has received a pardon; (2) he is incompetent; or (3) the defendant escaped and the person rearrested and brought before the court for sentencing is not the same person that was convicted).

–11–

05-22-00558-CR, 05-22-00559-CR, 2023 WL 5814273, at \*2 (Tex. App.—Dallas Sept. 8, 2023, no pet.) (mem. op., not designated for publication) (collecting cases); *Hicks v. State*, Nos. 05-20-00614-CR, 05-20-00615-CR, 2021 WL 3042672, at \*1–2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication) (same).

Here, after the trial court assessed Fisher's punishment at thirty-five years' confinement in each case, the court asked defense counsel if there was any legal reason why sentence should not be imposed. Defense counsel responded, "No, Your Honor." Defense counsel did not ask to be heard on any other matter or make any further argument to the court. Therefore, appellant did not preserve his complaint that the trial court violated his common law right to allocution and, thus, we overrule his third issue without reaching the merits. *See* TEX. R. APP. P. 33.1(a) (to present a complaint for appellate review, the record must show that the complaint was timely made to the trial court by request, objection, or motion and that the trial court adversely ruled or refused to rule on the complaint); *Hicks*, 2021 WL 3042672, at \*2.

## Conclusion

We modify the July 21, 2022 "Judgment of Conviction by Jury" and the September 4, 2024 "Nunc Pro Tunc" in each case to correctly reflect Fisher's first name as "Ladaryl" and affirm the judgments of conviction and judgments nunc pro tunc as modified.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220848F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARYL JEWAYNE FISHER,
Appellant

No. 05-22-00848-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-55489-S.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and Nowell
participating.

Based on the Court's opinion of this date, the trial court's July 21, 2022 "Judgment of Conviction by Jury" and September 4, 2024 "Nunc Pro Tunc" are **MODIFIED** as follows:

"Ladarly" is deleted from the style of the judgment of conviction and judgment nunc pro tunc and replaced with "Ladaryl."

As **REFORMED**, the judgments are **AFFIRMED**.

Judgment entered this 25th day of September 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LADARYL JEWAYNE FISHER,
Appellant

No. 05-22-00849-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-55488-S.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and Nowell
participating.

Based on the Court's opinion of this date, the trial court's July 21, 2022 "Judgment of Conviction by Jury" and September 4, 2024 "Nunc Pro Tunc" are **MODIFIED** as follows:

"Ladarly" is deleted from the style of the judgment of conviction and judgment nunc pro tunc and replaced with "Ladaryl."

As **REFORMED**, the judgments are **AFFIRMED**.

Judgment entered this 25th day of September 2024.